Lester **STONE**, Plaintiff,

v.

**CITY AND COUNTY OF SAN FRANCISCO, et al.,**
**Defendants.**

No. C–87–4326–MHP.

United States District Court,
N.D. California.

March 14, 1990.

Lester Stone, San Francisco, Cal., pro se.

Amitai Schwartz, San Francisco, Cal., for plaintiff.

Jeff Spellberg, David Kahn and David Donner, Deputy City Attys., San Francisco, Cal., for defendants.

## OPINION

PATEL, District Judge.

Plaintiff, Lester Stone, filed an action against defendants, the City and County of San Francisco ("CCSF") alleging state tort claims and violations of his constitutional rights guaranteed under 42 U.S.C. § 1983. After removing this case to federal court, defendants moved for dismissal on the ground that plaintiff's claims were barred by the applicable statute of limitations. The court determined the applicable statute of limitations and denied the motion without prejudice, ordering further briefing on the issue of equitable tolling. Because both parties' supplemental briefs refer to matters outside the pleadings, the court will construe defendants' motion as one for summary judgment. Having considered the arguments contained in the supplemental briefs, the court now grants defendants' motion for summary judgment.

## BACKGROUND

Plaintiff alleges that on March 22, 1985, he sustained personal injuries during the course of his booking and arrest by two San Francisco police officers. On March 27, 1985, Stone filed a complaint with the San Francisco Police Department's Office of Citizen's Complaints ("OCC"). On April 29, 1985, OCC Senior Investigator, Michelle Gilmer, sent Stone a letter indicating that the matter had been referred to the accused officers' commanding officer. Neither party has presented information con-

cerning the resolution of the OCC complaint.

On May 29, 1985, Stone, with the assistance of legal counsel, filed a claim against CCSF pursuant to the Tort Claims Act.[1] CCSF subsequently denied plaintiff's claim on October 21, 1985 and informed him that he had six months in which to file a court action. Apparently dissatisfied with counsel, Stone dismissed his attorney in December 1985 and filed a pro per complaint in state court on May 29, 1986 alleging various state tort claims and an action under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1441, CCSF removed the action to this court.

Defendants originally moved for summary judgment on the ground that plaintiff's claims fell outside the applicable statute of limitations. Since it was then premature to decide the matter on summary judgment, the court instead treated defendants' motion as a motion to dismiss. *See Harrison v. County of Alameda*, 720 F.Supp. 783 (N.D.Cal.1989). At the June 6 hearing, plaintiff, now represented by counsel, admitted that his claims were outside the statute of limitation but raised the possibility of an estoppel argument. The court construed plaintiff's argument as a request for application of equitable tolling principles to the statute of limitation at issue. Accordingly, the court denied defendants' motion without prejudice and ordered further briefing on that issue.

Presently, plaintiff and defendants request in their supplemental papers that the court refer to matters outside the pleadings. Accordingly, defendants' motion shall now be treated as a motion for summary judgment.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court may properly grant a motion for summary judgment if the pleadings and materials demonstrate that there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

To withstand a motion for summary judgment, the nonmovant must show that there are genuine factual issues which can only be resolved by the trier of fact. *Id.* The nonmoving party may not rely on the pleadings but must present specific facts creating a genuine issue of material fact. *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987). The court's function, however, is not to make credibility determinations. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. The inferences to be drawn from the facts must be viewed in a light most favorable to the party opposing the motion. *T.W. Elec. Serv.*, 809 F.2d at 631.

## DISCUSSION

Both parties agree that Stone filed this action outside the applicable statute of limitations as determined by this court in its earlier order. Thus, the sole issue before the court is whether plaintiff's untimely federal and pendent state claims are saved under the doctrine of equitable tolling.

### I. *Applicable Law*

Under California law, a statute of limitation is equitably tolled when the claimant has "*several formal legal remedies* and reasonably and in good faith pursues one." *Donoghue v. County of Orange*, 848 F.2d 926, 930 (9th Cir.1987) (emphasis added) (citing *Jones v. Tracy School Dist.*, 27 Cal.3d 99, 108, 165 Cal.Rptr. 100, 611 P.2d 441 (1980)). Generally, in order to invoke this doctrine, the legal remedy initially sought must be one "designed to lessen the extent of [the claimant's] injuries or damage." *Addison v. California*, 21 Cal.3d

---

**1.** California Government Code section 900 et seq., sets forth the procedures for filing a claim against a public entity. Sections 911.2 and 945.4 require a claimant to file a claim against a public entity within 100 days of the cause of action. Effective January 1, 1988, the legislature increased the 100 day period to six months.

313, 317, 146 Cal.Rptr. 224, 578 P.2d 941 (1978).

Although equitable tolling may apply regardless of whether exhaustion of remedies is required, "[it] is most appropriate when the plaintiff is required to avail himself of an alternate course of action as a precondition to filing suit." *Conley v. International Bhd. of Elec. Workers Local 639*, 810 F.2d 913, 915 (9th Cir.1987). Courts may apply the equitable tolling doctrine to "[satisfy] the policy underlying the statute of limitations without ignoring the competing policy of avoiding technical and unjust forfeitures." *Addison*, 21 Cal.3d at 319, 146 Cal.Rptr. 224, 578 P.2d 941.

■ California courts have developed a three-part test as a prerequisite to invoking this doctrine: (1) timely notice in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend the second claim; and (3) good faith and reasonable conduct by plaintiff in filing the second claim. *Collier v. City of Pasadena*, 142 Cal.App.3d 917, 922–24, 191 Cal.Rptr. 681 (1983) (summarizing the history and rationale behind the doctrine of equitable tolling). However, as the term suggests, the doctrine of equitable tolling rests on invocation by the court. As such, the court should apply the doctrine in a reasonable, not a technical fashion.

## II. *Plaintiff's Claim Under 42 U.S.C. § 1983*

In the present case, plaintiff claims that the statute of limitations on his section 1983 claim was tolled during the pendency of his state administrative remedies. Specifically, Stone submits that these remedies consisted of his OCC complaint and the claim filed pursuant to California Tort Claims Act, California Government Code section 810 et seq. ("tort claim"). The court, however, finds plaintiff's contention untenable.

### A.  Plaintiff's OCC Complaint

■ Plaintiff submits that his OCC complaint is sufficient to invoke the doctrine of equitable tolling. To support this point, plaintiff cites a plethora of cases in which courts have applied this doctrine to save claims made outside the applicable statute of limitations. These cases, however, involve situations where the claimant had already timely filed a separate, *formal legal action*, usually before a formally constituted agency authorized to adjudicate claims and provide a remedy. *E.g., Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030 (9th Cir.1983) (NRLB proceeding preceded complaint); *Elkins v. Derby*, 12 Cal.3d 410, 115 Cal. Rptr. 641, 525 P.2d 81 (1974) (complaint preceded by workers' compensation claim).

Here, there is no indication that plaintiff's OCC complaint qualifies as a formal, legal remedy designed to lessen the extent of the his injuries. An OCC complaint is not intended to compensate an aggrieved individual; rather, it is the San Francisco Police Department's internal check on police misconduct. *See* Spellberg Dec., Ex. C (attached to original summary judgment motion). In fact, the OCC complaint form does not even provide the complainant with a space to indicate what type of redress he or she seeks. Thus, the court concludes that Stone's OCC complaint does not, as a matter of law, constitute a legal remedy sufficient to toll the statute of limitations on his federal claim.

### B.  Plaintiff's Notice of Claim

■ Equally unpersuasive is Stone's argument that his tort claim filed with CCSF is sufficient to toll the statute. While there is a paucity of law on this specific issue, cases involving employment discrimination actions brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and under 42 U.S.C. § 1981 are instructive. For example, in *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 461, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975), the Supreme Court held that the timely filing of an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") under Title VII did not toll the statute of limitations applicable to an action brought under 42 U.S.C. § 1981 based on the same facts. In reaching its decision, the Court focused on

the separation and independence of the administrative and legal remedies afforded by Title VII and section 1981:

> [T]he filing of a Title VII charge and resort to Title VII's administrative machinery are not prerequisites for the institution of a § 1981 action.

> \*   \*   \*   \*   \*   \*

> Under some circumstances, the administrative route may be highly preferred over the litigatory; under others, the reverse may be true. We are disinclined, in the face of congressional emphasis upon the existence and independence of the two remedies, to infer any positive preference for one over the other, without a more definite expression in the legislation Congress has enacted, as, for example, a proscription of a § 1981 action while an EEOC claim is pending.

> We generally conclude, therefore, that the remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent.

*Id.* at 460–461, 95 S.Ct. at 1720–21.

Similarly, both district and appeals courts within the Ninth Circuit, following the principles enunciated in *Johnson*, consistently have refused to toll the statute of limitations on federal discrimination claims during the pendency of the claimant's administrative remedies. *See, e.g., London v. Coopers & Lybrand,* 644 F.2d 811, 815 (9th Cir.1981) (pendency of a claimant's administrative complaint under the California Fair Employment and Housing Act ("CFEHA") did not toll the statute in a section 1981 action); *Okonko v. Union Oil of Cal.,* 519 F.Supp. 372, 376 (C.D.Cal.1981) (pendency of an EEOC claim did not toll section 1981 statute of limitations); *Cf. Salgado v. Atlantic Richfield Co.,* 823 F.2d 1322, 1325–26 (9th Cir.1987) (acknowledging *Johnson,* court held that equitable tolling was appropriate in discrimination claim where administrative and legal remedies sought were "wholly integrated and related.")

Other circuits have also adhered to *Johnson's* "separation and independence" rationale in refusing to toll the statute of limitation for discrimination claims. *E.g., London,* 644 F.2d at 815 (noting that courts in the first and sixth circuits have "refused to toll the limitation period for causes of action arising under federal civil rights statutes on the basis of administrative filings with state agencies."); *Smith v. McClammy,* 740 F.2d 925, 927 (11th Cir.) *reh'g denied,* 748 F.2d 690 (11th Cir.1984) ("Since exhaustion of administrative remedies is not a prerequisite to filing [a section 1983 action], the statute would not be tolled pending pursuit of administrative remedies....") Thus, whether the court may equitably toll the statute of limitations on Stone's section 1983 claim will depend upon the relationship between the Tort Claims Act and the Civil Rights Act.

In the present case, the court finds that the remedies and procedures of the Torts Claim Act and the Civil Rights Act are separate and independent. In *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court succinctly summarized the distinction between state remedies and remedies under section 1983:

> Congress would not have characterized § 1983 as providing a cause of action analogous to state remedies for wrongs committed by public officials. It was the very ineffectiveness of state remedies that led Congress to enact the Civil Rights Act in the first place. Congress therefore intended that the remedy provided in § 1983 be *independently enforceable* whether or not it duplicates a parallel state remedy.

*Id.* at 279, 105 S.Ct. at 1948–49 (footnote omitted) (emphasis added).[2]

California authorities also concur that the Tort Claims Act and the Civil Rights

---

**2.** Similarly, in *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), Justice Harlan noted in his concurrence that "a deprivation of a constitutional right is significantly different from and more serious than a violation of a state right and therefore deserves a different remedy even though the same act may constitute both a state tort and the deprivations of a constitutional right." *Id.* at 196, 81 S.Ct. at 488.

Act are distinct in nature. *See, e.g., Williams v. Horvath,* 16 Cal.3d 834, 842, 129 Cal.Rptr. 453, 548 P.2d 1125 (1976) ("While there may be considerable overlap between the two statutes in given circumstances, the purposes underlying them are distinct."); *Rossiter v. Benoit,* 88 Cal. App.3d 706, 715, 152 Cal.Rptr. 65 (1979) ("Section 1983 was enacted to provide a remedy for civil rights violations where state law ... is not available in practice."). Moreover, a claimant need not comply with California tort claim requirements prior to filing a section 1983 action. *Horvath,* 16 Cal.3d at 842, 129 Cal.Rptr. 453, 548 P.2d 1125. Thus, Stone had every opportunity to file his section 1983 claim, independent of any state remedy, any time after his claim accrued.

From the foregoing authorities, it is clear that the remedies and procedures in the Tort Claims Act and the Civil Rights Act are separate and independent within the meaning of *Johnson* and its progeny. Indeed, the nexus between the Tort Claims Act and section 1983 is even more attenuated than the relationship between Title VII and section 1981 discussed in *Johnson.* The court concludes that plaintiff's tort claim is not sufficient to toll the statute of limitations on his section 1983 action. Accordingly, as a matter of law, plaintiff's section 1983 claim is barred by the statute of limitations.

### III. *Plaintiff's Pendent State Claims*

■ The parties agree that plaintiff filed his complaint outside the six-month statute of limitation for claims against a public entity. *See* Cal.Gov.Code § 945.6. However, plaintiff contends that the pendency of his OCC complaint tolled the time for filing his state claims as well as his federal claim. As held above, an OCC complaint does not qualify as a formal, legal remedy sufficient to invoke the equitable tolling doctrine. Filing of the OCC complaint was not a prerequisite to filing a tort claim under state law. Furthermore, it did not place defendants on notice of potential tort liability. *See Addison v. California,* 21 Cal.3d 313, 318, 146 Cal.Rptr. 224, 578 P.2d 941 (1978). The evidence shows that far fewer than 10% of the complaints filed with OCC ever materialize into formal law suits. There is nothing in the OCC complaint, including plaintiff's, that would serve notice of a possible tort claim. Therefore, plaintiff's pendent tort claims are also barred by the statute of limitations.

### CONCLUSION

The court concludes that, as a matter of law, the equitable tolling doctrine does not save Stone's untimely federal or pendent state claims. Accordingly, defendants' motion for summary judgment is GRANTED.

IT IS SO ORDERED.