**Richard Earl REESE, Plaintiff,**

v.

**CITY OF EMERYVILLE FIRE DEPARTMENT, City of Emeryville, Ray Vittori, Defendants.**

No. C–89–1316–VRW.

United States District Court, N.D. California.

Aug. 30, 1990.

David S. Handsher, B.V. Yturbide, Hilda Scheib, San Francisco, Cal., for plaintiff.

Anne S. Haden, Michael G. Biddle, Office of the City Atty., City of Emeryville, Joel Zeldin, James F. Goodfellow, Dinkelspiel, Donovan & Reder, San Francisco, Cal., for defendants.

## ORDER

WALKER, District Judge.

Plaintiff moves for reconsideration of the order filed June 28, 1990 dismissing the second and third causes of action. In that order, the court noted that the amended complaint was never filed. Plaintiff contends, however, that his amended complaint was filed on December 5, 1989, and that recognition of this fact requires vacating the June 28 order and exercising pendent jurisdiction over plaintiff's state law claims.

Plaintiff has now submitted a copy of the amended complaint, stamped "Received August 18 1989" and "Original Filed December 5 1989." Although the court's docket sheet and file do not reflect that the amended complaint was ever filed, the court agrees with plaintiff that any clerical errors of the court should not prejudice plaintiff's rights. Accordingly, the amended complaint is hereby ordered filed as of December 5, 1989.[1]

That pleading was the first to raise plaintiff's claim under 42 U.S.C. § 1983. As all of plaintiff's grounds for reconsideration hinge on the timeliness of that claim's assertion, the court turns to that issue.

## ANALYSIS

The parties do not dispute that the statute of limitations applicable to the § 1983 claim is one year pursuant to Cal.Civ.Proc. Code § 340(3). *Del Percio v. Thornsley*, 877 F.2d 785, 786 (9th Cir.1989). Plaintiff was terminated by the City of Emeryville Fire Department on April 6, 1987. Defendants contend that the limitations period expired on April 6, 1988 and therefore the § 1983 claim alleged in the amended complaint is time-barred. Plaintiff argues that the doctrine of equitable tolling applies and operates to suspend the one-year statute of limitations between the date plaintiff filed

---

1. A status conference was held before Judge Schwarzer on September 6, 1989. Plaintiff asserts that his motion for leave to amend the complaint, which was filed August 18, 1989, was granted at that conference, but he was prevented by the docketing clerk from doing so until a written order granting twenty days' leave was filed on December 1, 1989. Judge Schwarzer's staff, however, informed plaintiff's counsel that the motion was taken under submission and not granted until the December 1 order.

a complaint with the EEOC and his receipt of a right-to-sue letter.[2]

The Supreme Court, noting that "the filing of a Title VII charge and resort to Title VII's administrative machinery are not prerequisites for the institution of a § 1981 claim," concluded that Congress has retained § 1981 as a remedy "separate from and independent of the more elaborate and time-consuming procedures of Title VII." *Johnson v. Railway Express Agency,* 421 U.S. 454, 466, 95 S.Ct. 1716, 1723, 44 L.Ed.2d 295 (1974). Accordingly, the Supreme Court held that the applicable state statute of limitations was not tolled during the pendency of Johnson's EEOC proceeding.

The Supreme Court has further noted that *all* causes of action under the Civil Rights Acts "exist independent of any other legal or administrative relief that may be available as a matter of federal or state law." *Burnett v. Grattan,* 468 U.S. 42, 50, 104 S.Ct. 2924, 2929, 82 L.Ed.2d 36 (1984). *See also Wilson v. Garcia,* 471 U.S. 261, 279, 105 S.Ct. 1938, 1948, 85 L.Ed.2d 254 (1985) (Congress intended that the remedy provided in § 1983 be independently enforceable whether or not it duplicates a parallel state remedy). There is thus no reason that the one-year statute of limitations governing plaintiff's § 1983 claim should be tolled while his EEOC proceeding was pending.[3] *See London v. Coopers & Lybrand,* 644 F.2d 811, 814–815 (9th Cir. 1981) (statute of limitations for § 1981 claim not tolled during EEOC proceeding); *Plummer v. Western Int'l Hotels, Inc.,* 656 F.2d 502, 506 n. 13 (9th Cir.1981) (same); *Stone v. City and County of San Francisco,* 735 F.Supp. 340 (N.D.Cal.1990) (statute of limitations for § 1983 claim not

tolled during administrative proceeding under state tort claims act).[4]

To hold otherwise would grant plaintiff the right to allege new causes of action continually, each time asserting the pendency of the previous litigation as tolling any limitations period applicable to the newly alleged claim. Such a result would frustrate policies behind statutes of limitations, which are intended both to encourage plaintiffs to pursue all available legal remedies in a timely manner and to ensure that defendants need not face the uncertainty of indefinite liability.

*Donoghue v. County of Orange,* 848 F.2d 926, 930 (9th Cir.1987) states in passing that "state tolling doctrines should apply unless they are inconsistent with federal policy underlying the cause of action under consideration." However, that dictum does not require that statutes of limitations relating to civil rights causes of action be tolled automatically. *Donoghue* simply directed the district court to evaluate the nature of the plaintiff's federal (§§ 1983, 1985, and 1986) and state claims (*inter alia,* breach of contract and misrepresentation) to determine whether they were so closely related that equitable tolling should be applied. *Id.* at 931. With respect to the claims in the case at bar, however, the determination that they are separate and independent has already been made. *See Johnson,* 421 U.S. at 466, 95 S.Ct. at 1723; *Burnett,* 468 U.S. at 50, 104 S.Ct. at 2929; *London,* 644 F.2d at 815. Accordingly, it is inappropriate to toll the statute of limitations governing the § 1983 claim during the pendency of the EEOC proceeding.

Furthermore, even if the doctrine of equitable tolling applied to the situation at

---

**2.** A statute of limitations relating to the second claim that a plaintiff wishes to assert will be "equitably tolled" under California law if there is (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim. *Collier v. City of Pasadena,* 142 Cal. App.3d 917, 924, 191 Cal.Rptr. 681, 685 (1983).

**3.** Moreover, equitable tolling is most appropriate when a plaintiff is required to avail himself

of an alternate course of action (the first claim) as a precondition to filing suit (on the claim whose statute of limitations is sought to be tolled). *Conley v. Int'l Brotherhood of Electrical Workers,* 810 F.2d 913, 915 (9th Cir.1987). Such a requirement is not present in this case.

**4.** *See also Salgado v. Atlantic Richfield Co.,* 823 F.2d 1322, 1325 (9th Cir.1987) (allowing tolling because Title VII and California FEHA action were "wholly integrated and related," in contrast to the situation in *London,* which involved separate and independent claims—Title VII and § 1981).

bar, the amended complaint would nevertheless have been untimely. Plaintiff was terminated on April 6, 1987. The EEOC administrative process began on May 20, 1987, the date plaintiff's charge of discrimination was filed. *Decl. of Theodore Martin* ¶¶ 3–4 (filed Aug. 24, 1990). It ended on January 17, 1989, the date plaintiff received his right-to-sue letter. *Decl. of Richard Earl Reese* ¶ 3 (filed Jan. 19, 1990). The complaint, as ordered herein, is deemed filed as of December 5, 1989.[5] Thus 366 days elapsed from the time the claim arose to the time the amended complaint was filed, not including the period that is assumed tolled for argument's sake.

Plaintiff need not fear that the time elapsed between the filing of his complaint and the adjudication of motions in this court will prove fatal to his ability to assert the dismissed state law claims in state court. Any applicable statutes of limitations in the state courts should be equitably tolled for the duration of plaintiff's time in federal court; after all, the cases contemplate just such a situation. *See Jones v. Tracy School Dist.,* 27 Cal.3d 99, 165 Cal.Rptr. 100, 611 P.2d 441 (1980); *Addison v. State of California,* 21 Cal.3d 313, 146 Cal.Rptr. 224, 578 P.2d 941 (1978). The state law claims were dismissed in the June 28, 1990 order without prejudice to their prosecution in the state courts.

CONCLUSION

Because the doctrine of equitable tolling does not apply, plaintiff's ability to file a § 1983 claim expired one year after his termination, or on April 6, 1988. The amended complaint, as ordered filed on December 5, 1989, is therefore untimely. The § 1983 claim is time-barred and may not serve as a basis for pendent jurisdiction over the state claims. For the reasons stated in the June 28 order, the court continues to decline to exercise pendent jurisdiction over plaintiff's second and third causes of action.

---

5. In a supplemental letter brief submitted on August 24, 1990 at the request of the court, plaintiff's counsel contends that the statute of limitations should also be tolled during the period that the amended complaint could not be filed because the motion for leave to amend was under submission (August 18 to December 1, 1989). While this argument might warrant consideration if the doctrine of equitable tolling were applicable, it does not serve to alter the conclusion that the doctrine does *not* apply to this case.