**Albert HOOD, Estate of Anthony Hood, Plaintiffs,**

v.

**CITY OF LOS ANGELES, et al., Defendants.**

**No. CV 92–13–WMB.**

United States District Court, C.D. California.

May 27, 1992.

**66**

James K. Hahn, Thomas C. Hikinson, Robert A. Seeman, Los Angeles, Cal., for defendants.

## ORDER DENYING MOTION
## TO DISMISS

WM. MATTHEW BYRNE, Jr., District Judge.

### I. BACKGROUND

On October 22, 1990, City of Los Angeles police officers allegedly shot and killed Anthony Hood. Plaintiffs, Anthony's father Albert and Anthony's estate, claim Anthony was on the ground restrained by handcuffs at the time he was shot. Plaintiffs have brought this action against Officer Doe Franklin under 42 U.S.C. § 1983 alleging deprivation of rights under the First, Fourth, and Fourteenth Amendments. Plaintiffs also assert a *Monell* cause of action against defendant City of Los Angeles and pendent claims for wrongful death and violations of Cal.Civ.Code § 51.7 (freedom from violence or intimidation) and § 52.1 (protecting civil rights). Defendants now move to dismiss the complaint as barred by the statute of limitations.

### II. DISCUSSION

Section 1983 borrows the forum state's statute of limitations for personal injury torts as its own statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 269, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 (1985). In California, this period is one year. Cal. Civ.P.Code § 340(3). Plaintiffs' claim accrued on October 22, 1990 when Anthony Hood was allegedly shot and killed. However, plaintiffs did not file a complaint until January 2, 1992. Defendants argue plaintiffs' claims are thus time barred.

Plaintiffs contend the California Tort Claims Act tolled the statute of limitations. State tolling provisions must be applied when they are not inconsistent with the Constitution or other federal law. *Board of Regents v. Tomanio*, 446 U.S. 478, 482, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980). The Tort Claims Act requires plaintiffs to present a written claim to the public entity allegedly responsible for their damage before initiating a suit on the cause of action. Cal.Gov't Code § 945.6. It further provides that any suit brought against a public entity on a cause of action for which a claim is required to be presented must be commenced not later than six months after the date on which the public entity rejects the claim. *Id.* at § 945.6(a).

Section 945.6(a) effectively tolls any applicable statute of limitations and creates a new statutory limitations period of six months after the governmental agency re-

jects the written claim. *See Dowell v. County of Contra Costa,* 173 Cal.App.3d 896, 219 Cal.Rptr. 341, 343 (Ct.App.1985) ("If the public entity gives written notice of rejection of the claim in accordance with section 913, the statute of limitations is six months from the day [of] such notice....."). The parties agree plaintiffs have complied with the administrative filing requirements and that plaintiffs' claim was denied within 6 months prior to the filing of this action. Plaintiffs argue all their claims, including their section 1983 claim, are thus timely.

Plaintiffs could have brought their section 1983 action alone without regard to the California Tort Claims Act. *Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988). In *Felder,* the Supreme Court held a notice of claim provision, which was part of a broad legislative scheme governing Wisconsin's sovereign immunity similar to the Tort Claims Act, was preempted as inconsistent with the purpose and nature of section 1983 actions. *Id.* 487 U.S. at 152, 108 S.Ct. at 2314. *See also Williams v. Horvath,* 16 Cal.3d 834, 129 Cal.Rptr. 453, 455–58, 548 P.2d 1125, 1127–30 (1976) (civil rights plaintiff need not allege compliance with Tort Claims Act when filing 1983 action). Under *Felder,* plaintiffs did not have to comply with Gov't Code § 945.6 and could have filed their section 1983 within one year after the claim accrued.[1] Instead, plaintiffs waited longer than one year.

While plaintiffs need not comply with the Tort Claims Act when bringing their section 1983 action, plaintiffs argue *Tomanio* allowed them to choose between immediately filing their section 1983 action or waiting until the resolution of the administrative proceedings to file their 1983 claim and their state law claims together, citing *Harding v. Galceran,* 889 F.2d 906 (9th Cir. 1989). In *Harding,* the Ninth Circuit relied on *Tomanio* to hold that although state law may not prohibit a potential plaintiff from bringing a section 1983 claim against a peace officer, a related California state tolling provision applied to toll the limitations period on the section 1983 claim.

*Harding* involved a California plaintiff who filed his section 1983 claim more than two years after his claims arose but within one year of his acquittal on criminal charges. Plaintiff argued the one year limitation for personal injury actions was tolled under Cal.Gov't Code § 945.3, which prevents civil actions against peace officers from being filed while criminal charges are pending against the potential plaintiff. The Ninth Circuit agreed, holding the tolling provision at issue should be given effect because it was both consistent and interrelated to the policies behind the one year limitations period applied to section 1983 claims. *Id.* at 909. Plaintiffs argue there is no substantive difference between the criminal 'stay' in *Harding* and the civil administrative 'stay' in this case and conclude their section 1983 claim is timely under *Harding* because section 945.6 tolled the statute of limitations.

At the hearing, defendants attempted to distinguish *Harding* by pointing out that the state tolling provision in that case was one of general application: it tolled all actions while the criminal case was pending.[2] By contrast, defendants claimed, the tolling provision at issue here applies to claims "brought against a public entity on a cause of action for which a claim is required to be presented" under the Tort Claims Act. Cal.Gov't Code § 945.6(a).

Defendants' description of the statute is not entirely accurate. While Gov't Code § 945.6 tolls the statute of limitation on "any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with

---

1. Of course, plaintiffs would have had to wait until they received a written notice of denial to file their state law claims.

2. "No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer ... while the charges against the accused are pending before a justice, municipal, or superior court. Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending...."

Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division," Gov't Code § 905 requires "all claims for money damages against local entities," with certain exceptions not applicable here, "shall be presented in accordance" with the Tort Claims Act. The presentation requirement appears to cover the individual defendants as well. Gov't Code § 950.2 bars claims against public employees when a suit against his or her employer is barred by failure to present a claim. Thus, it appears the language of the Act encompasses the federal claims at issue, even if the notice of claim requirement is invalid under *Felder* and *Williams*.[3]

*Harding* tolled the statute because the policies behind the tolling provision of Gov't Code § 945.3 were not inconsistent with federal law, but instead enhanced the policies behind section 1983. 889 F.2d at 908–09. The California legislature had two objectives in enacting § 945.3: it wanted to eliminate the use of civil damage complaints as plea bargaining levers, and it sought to prevent the use of civil actions as a discovery device to inquire into prosecutorial information while the criminal charge is pending. *Id.* at 909 (citing *McMartin v. Los Angeles County*, 202 Cal.App.3d 848, 249 Cal.Rptr. 53, 55–56 (1988)). The Ninth Circuit held that:

> Although, under the Supremacy Clause, these policies cannot be served by prohibiting a party from bringing a section 1983 claim, they can be served by tolling the statute of limitations in section 1983 claims when there are criminal charges pending against the potential plaintiff. On the other hand, a refusal to toll the period would ignore the state's policies and the interrelationship between the state's policies and the tolling provision.

*Id.* at 909. The Ninth Circuit found tolling the statute under § 945.3 while criminal charges are pending enhances the policies of deterrence and compensation embodied in section 1983 by increasing litigants access to the courts, ensuring consistent adjudication in state and federal courts, and encouraging (without requiring) plaintiffs to await the outcome of their criminal case both to screen out unmeritorious complaints and to help render unnecessary the filing of meritorious actions if the government entity is willing to settle the claim after full exploration of the facts during the criminal proceeding. *Id.*

Tolling the statute here serves the policies behind section 1983 in essentially the same way as enumerated by *Harding*. The Tort Claims Act requires plaintiffs to file claims (and accordingly tolls the statute of limitations under § 945.6) so that the public entity may make an adequate investigation to determine whether to settle the claim without the expense of litigation. *State of California v. Superior Court*, 86 Cal.App.3d 475, 150 Cal.Rptr. 308, 312 (1978). Although, under the Supremacy Clause, this policy cannot be served by prohibiting a party from bringing a section 1983 claim, it can be served by tolling the statute of limitations in section 1983 under section § 945.6.

Here, as in *Harding*, a refusal to toll the period would ignore the state's policies and the interrelationship between the state's policies and the tolling provision. Tolling the statute of limitations pursuant to § 945.6 enhances the policies of deterrence and compensation embodied in section 1983 by increasing litigants access to the courts, ensuring consistent adjudication in state and federal courts, and encouraging (without requiring) plaintiffs to await the outcome of their administrative claim both to screen out unmeritorious complaints and to

---

**3.** At the hearing, plaintiffs argued *Harding* saved their section 1983 claim even if Gov't Code § 945.6 did not by its own terms include section 1983 claims because *Felder* prohibits § 945.6 from encompassing plaintiffs' federal claim in any case. This argument is not persuasive. While any notice of claim provision would necessarily fall to the Supremacy Clause, there would be no tolling provision to uphold under *Harding* unless the section 1983 claim was within the ambit of Gov't Code § 945.6. Without a statutory tolling provision, plaintiffs must rely on principles of equitable tolling which courts have held do not operate to toll the one year limit. *E.g., Ervin v. County of Los Angeles*, 848 F.2d 1018 (9th Cir.1988); *Stone v. City and County of San Francisco*, 735 F.Supp. 340 (N.D.Cal.1990).

help render unnecessary the filing of meritorious actions if the government entity is willing to settle the claim after full exploration of the facts during the administrative hearing.

Defendants argue two opinions have already addressed the exact question presented by this motion, *Ervin v. Los Angeles County*, 848 F.2d 1018 (9th Cir.1988) and *Stone v. City and County of San Francisco*, 735 F.Supp. 340 (N.D.Cal.1990). In *Ervin*, the Ninth Circuit held the statute of limitations on plaintiff's section 1983 claim was not equitably tolled by plaintiff's previously filing of a tort claim in state court. 848 F.2d at 1019–20.[4]

Defendants place more reliance on *Stone*. Without reference to *Harding*, the *Stone* court held the statute of limitations was not tolled when the plaintiff there filed a claim under the California Tort Claims Act against the City and County of San Francisco. Noting the paucity of law on whether the filing of a tort claim tolled the statute, the *Stone* court looked to cases involving employment discrimination actions brought under Title VII and under 42 U.S.C. § 1981. 735 F.Supp. at 343.

For example, in *Johnson v. Railway Express Agency, Inc.*, the Supreme Court held the timely filing of an administrative complaint with the Equal Employment Opportunity Commission under Title VII did not toll the statute of limitations applicable to an action brought under 42 U.S.C. § 1981 because the administrative and legal remedies where separate and independent. 421 U.S. 454, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975). Concluding the Tort Claims Act and the Civil Rights act provided separate and independent remedies and procedures, *Stone* held "that plaintiff's tort claim is not sufficient to toll the statute of limitations on his section 1983 claim." *Id.* at 345.

*Ervin* and *Stone* do not contradict *Harding* because the former cases involved only the question of equitable tolling. In *Harding*, the Ninth Circuit applied a statu-

tory tolling provision to extend the amount of time to file a section 1983 claim. The *Ervin* court expressly stated it was "declin[ing] to apply equitable tolling," 848 F.2d at 1020, and the facts of *Stone* reveal the statutory tolling provision at issue here was no longer applicable. Gov't Code § 945.6(a) provides six months in which to file after written notice. The plaintiff in *Stone*, however, had filed suit over seven months after his administrative claim was denied. 735 F.Supp. at 342. Indeed, it would appear the *Stone* opinion did not refer to *Harding* because no statutory tolling provision was at issue in *Stone*.

## III. CONCLUSION

Defendants' motion to dismiss is denied. While *Harding* is not directly on point, its language and rationale encompass Gov't Code § 945.6. Under *Harding*, plaintiffs' federal claim is thus timely. *Ervin* and *Stone* do not mandate a different result because they discuss only equitable tolling.

**4.** Although defendants do not refer to it, *Bacon v. City of Los Angeles*, 843 F.2d 372 (9th Cir. 1988) reaches the same conclusion.