107 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vaughn R. CHATMAN, Plaintiff-Appellant,
v.
COUNTY OF SANTA CLARA; Santa Clara County Superior Court of
California; Office of the District Attorney for Santa Clara
County; Santa Clara County Department of Corrections;
Santa Clara County Probation Department; Robert Conroy;
George Kennedy; Christine Hudson; Stacy Kasheverof; David
Soares; and DOES 1 through 50, inclusive, Defendants-Appellees.
 No. 95-16857.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1996.
Decided Jan. 27, 1997.
 
 1
 Before: REINHARDT and RYMER, Circuit Judges, and TANNER*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Vaughn R. Chatman filed suit against Santa Clara County for civil rights violations under 42 U.S.C. §§ 1983 and 1985 claiming that county officials violated his constitutional right to due process by placing him in "protective custody" for 16 months without a hearing for allegedly violating his probation. The district court held Chatman's § 1983 claim was time-barred under California Civil Procedure Code section 340(3), and dismissed his complaint pursuant to Fed.R.Civ.P. 12(b)(6). Chatman appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.
 
 DISCUSSION
 
 4
 This court reviews a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) de novo. Everest and Jennings, Inc. v. American Motorists Insurance Co., 23 F.3d 226, 228 (9th Cir.1994).
 
 A.
 
 5
 The district court dismissed Chatman's federal claims, ruling that those claims were barred by the one-year statutory limitations period for personal injury and tort actions provided by Cal.Civ.Proc.Code § 340(3).[1] Under § 340(3), Chatman's complaint is time-barred. Chatman argues, however, that California Government Code section 945.6 is the appropriate statute of limitations to apply to alleged violations of civil rights.
 
 
 6
 While Congress has provided no federal statute of limitations governing § 1983 claims, the Supreme Court has held that courts should borrow the forum state's single most appropriate statute of limitations applicable to personal injury actions for all § 1983 claims. Wilson v. Garcia, 471 U.S. 261, 268-269 (1985).
 
 
 7
 Relying on Wilson, this Circuit has selected the one-year statute of limitations of Cal.Civ.Proc.Code § 340(3) as the most appropriate for all § 1983 and § 1985 claims. Usher v. City of Los Angeles, 828 F.2d 556, 558 (9th Cir.1987); McDougal v. County of Imperial, 942 F.2d 668, 672-674 (9th Cir.1991).
 
 
 8
 Chatman argues that Cal. Gov't Code § 945.6 is more analogous to the nature of a section 1983 claim because it, rather than Cal.Civ.Proc.Code § 340(3), focuses on personal injuries occasioned by the conduct of persons acting under color of state law.
 
 
 9
 We do not accept Appellant's invitation to recharacterize the "personal injury envisioned" under section 1983. The Supreme Court in Wilson stated: "we are satisfied that Congress would not have characterized § 1983 as providing a cause of action analogous to state remedies for wrongs committed by public officials." Wilson, 471 U.S. at 279. Furthermore, Appellant ignores the fact that Cal.Gov't.Code § 945.6 only applies to those claims required to be presented in accordance with the Tort Claims Act. Federal civil rights claims, however, are not subject to state presentation of claims requirements. Williams v. Horvath, 129 Cal.Rptr. 453, 457-58 (1976) (section 1983 claims not subject to Tort Claims Act), therefore, Gov't.Code § 945.6 cannot serve as the limitations period for § 1983 or § 1985 actions. The appropriate statute of limitations in this case is § 340(3).
 
 
 10
 Since Chatman was imprisoned during the time that his civil rights claims arose, those claims were tolled until his release on July 16, 1993.[2] Thereafter, under 340(3), Chatman was required to commence his lawsuit within one year from the date of his release from custody or July 16, 1994. Chatman filed his claims on September 30, 1994, more than one year after his release, thus, Chatman's claims are time-barred.
 
 B.
 
 11
 Relying on Harding v. Galceran, 889 F.2d 906 (9th Cir.1989) and Hood v. City of Los Angeles, 804 F.Supp. 65 (C.D.Cal.1992), Chatman contends that Cal. Gov't Code § 945.6 tolls the one-year limitation period until six months after the county rules on Chatman's state claim. Harding found tolling applicable on the basis of Cal. Gov't Code § 945.3, which tolls civil actions against peace officers while criminal charges are pending against the potential plaintiff. While we held that § 945.3 cannot preclude a plaintiff from filing during the tolled period, we also held that its tolling provisions could be taken advantage of by a plaintiff who wished to delay filing on the basis of that section. In Hood, Chief Judge Byrne applied a similar approach to the section before us. While § 945.6 does indeed bear some similarities to § 945.3, the dissimilarity which we believe to be controlling is that § 945.6 is not a tolling statute, and unlike § 945.3 does not contain an express tolling provision; rather it establishes a separate statute of limitations for a particular category of cases. Although there is merit to Chief Judge Byrne's analysis, we conclude that were we to follow that line of reasoning, we would in effect be adopting a separate statute of limitations for tort claims against government agencies and thus violating the uniformity rule adopted by Wilson and implemented in Usher and McDougal.[3]
 
 
 12
 The district court's dismissal of Chatman's federal claims and pendent state claims is AFFIRMED.
 
 
 
 *
 Honorable Jack E. Tanner, United States District Judge, Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 340(3) provides a one-year limitations period for actions involving "libel, slander, assault, battery, false imprisonment, seduction of a person below the age of legal consent, or for injury to or for the death of one caused by the wrongful act or neglect of another". Cal.Civ.Proc.Code § 340(3)
 
 
 [2]
 Cal.Civ.Proc.Code § 352.1(a) tolls the statute of limitations on causes of action for which a claim is not required to be presented while a person is incarcerated
 
 
 [3]
 California Gov. Code § 945.6(a) provides, with certain exceptions not applicable here, that any suit brought against a public entity on a cause of action for which a claim is required to be presented must be commenced not later than six months after notice is given in accordance with § 913 of the California Tort Claims Act