**Edward Joseph HARDING,
Plaintiff–Appellant,**

v.

**David GALCERAN; Terry Gingerich;
Lawrence Moser; James D. Chisim,
et al., Defendants–Appellees.**

No. 88–6484.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 3, 1989.

Decided Nov. 16, 1989.

Richard C. Harding, Pasadena, Cal., for plaintiff-appellant.

Patrick T. Meyers, Principal Deputy Counsel, Los Angeles, Cal., for defendants-appellees.

Before HUG, FARRIS and REINHARDT, Circuit Judges.

HUG, Circuit Judge:

This case involves a dispute between Edward Joseph Harding and Sheriff's deputies David Galceran and Ed Teel (the "Deputies") of the San Dimas Sheriff's substation, Los Angeles, California. The district court found that Harding's claims against the Deputies were barred by the statute of limitations. Because we find that the statute of limitations was tolled, we reverse.

### I.

On October 10, 1984, Harding went to the San Dimas Sheriff's substation to pick up a friend who had been arrested. Harding argued with the Deputies at the substation. The Deputies asked Harding to leave and allegedly used excessive force in effecting his departure. After he left, Harding called the Sheriff's substation to complain about the Deputies' actions.

The next day, the Deputies filed a misdemeanor complaint against Harding. The complaint charged Harding with disturbing the peace, obstructing a peace officer in the performance of his duties, challenging a person in a public place to fight, and making threatening phone calls. On May 2, 1986, a jury acquitted Harding of these charges.

On May 1, 1987, Harding filed a complaint against the Deputies. Count 1 of the complaint alleged that the Deputies violated 42 U.S.C. § 1983 by using excessive force and interfering with Harding's First Amendment rights. Count 2 alleged conspiracy to do the same.[1] The district court held that Harding's claims were barred by the statute of limitations and granted the Deputies' motion for summary judgment. That holding is the subject of this appeal.

A dismissal on statute of limitations grounds presents a question of law reviewed *de novo*. *Donoghue v. Orange County*, 848 F.2d 926, 929 (9th Cir.1988).

### II.

Harding's claims are based on the Civil Rights Act, 42 U.S.C. § 1983. State law determines the statute of limitations for claims brought under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The Court in *Wilson* held the statute of limitations for all section 1983 claims to be the forum state's statute of limitations for personal injury torts. *Id.* at 269, 105 S.Ct. at 1943. In California, this period is one year. Cal. Civ.Proc.Code § 340(3) (West Supp.1989).

Harding's claims arose on October 10, 1984. Harding filed his section 1983 claims on May 1, 1987, more than two years after his claims arose, but within one year of his acquittal on the criminal charges. Unless Harding's claims can be saved by a tolling rule, they are time-barred by the statute of limitations. We look to state law to determine the application of tolling doctrines. *Board of Regents v. Tomanio*, 446 U.S. 478, 486–87, 100 S.Ct. 1790, 1796–97, 64 L.Ed.2d 440 (1980).

Harding contends that the statute of limitations was tolled pursuant to Cal. Gov't Code § 945.3 (West Supp.1989).[2] This section prevents civil actions against

---

**1.** Harding's complaint also included two malicious prosecution counts, which were dismissed on summary judgment. He does not appeal the dismissal of these claims.

**2.** Section 945.3 provides in relevant part:
No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace

officer ... while the charges against the accused are pending before a justice, municipal, or superior court.
Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a justice, municipal, or superior court.

peace officers from being filed while criminal charges are pending against the potential plaintiff. The section also tolls the statute of limitations on the civil actions until the criminal charges are resolved. Relying on *Mangels v. City of Orange*, 678 F.Supp. 1452 (C.D.Cal.1988), which held both parts of section 945.3 inapplicable to section 1983 claims, the district court found the tolling provision inapplicable to Harding's section 1983 claims. The court held that because the prohibitory provision of section 945.3 conflicted with the policies behind section 1983, Harding's claims were not tolled by section 945.3's tolling provision. We disagree. We hold that although section 945.3 may not prohibit a potential plaintiff from bringing a section 1983 claim against a peace officer while criminal actions are pending, section 945.3's tolling provision may still apply to toll the limitations period while criminal actions are pending against the potential plaintiff.

Under the Supremacy Clause, U.S. Const. art. VI, cl. 2, " 'any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield.' " *Felder v. Casey*, 487 U.S. 131, ——, 108 S.Ct. 2302, 2306, 101 L.Ed.2d 123 (1988) (quoting *Free v. Bland*, 369 U.S. 663, 666, 82 S.Ct. 1089, 1092, 8 L.Ed.2d 180 (1962)).

In *Felder*, the Supreme Court held that a notice-of-claim provision, which was part of a broad legislative scheme governing Wisconsin's sovereign immunity, was preempted as inconsistent with the purpose and nature of section 1983 actions. The Court stated:

> In enacting section 1983, Congress entitled those deprived of their civil rights to recover full compensation from the governmental officials responsible for those deprivations. A state law that conditions that right of recovery upon compliance with a rule designed to minimize governmental liability ... is inconsistent in both purpose and effect with the remedial objectives of the federal civil rights law.

*Id.* 108 S.Ct. at 2314. Similarly, we conclude the provision of section 945.3, which absolutely prohibits a party from bringing a civil action against a peace officer while state criminal charges are pending against that party, is contrary to the purposes of section 1983. Accordingly, as applied here, the prohibition in paragraph one of section 945.3 must fall under the Supremacy Clause.

Although section 945.3's prohibition on civil actions should not bar a party from bringing a section 1983 action while state criminal charges are pending, it does not necessarily follow that the one-year statute of limitation for section 1983 actions should not be tolled by the tolling rule expressed in section 945.3. Unlike the statute's prohibition on bringing section 1983 claims, the tolling rule is consistent with the objectives behind section 1983 actions. Therefore, the tolling provision does not fall under the Supremacy Clause and should have been applied to Harding's section 1983 claims against the Deputies.

In holding that federal courts should look to state law to determine the application of tolling rules, the Supreme Court stated that:

> [a]ny statute of limitations is necessarily arbitrary, the length of the period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interest in prohibiting the prosecution of stale ones. In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival and questions of application.

*Board of Regents v. Tomanio*, 446 U.S. at 485–86, 100 S.Ct. at 1795–96 (quoting *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 463–64, 95 S.Ct. 1716, 1721–22, 44 L.Ed.2d 295 (1975)). Here, the one-year limitation period applied to section 1983 claims in California is interrelated to the policies behind the tolling provision expressed in section 945.3.

The California legislature had two objectives in mind when it enacted section 945.3. The legislature prohibited actions against peace officers while criminal charges were pending to eliminate the use of civil dam-

age complaints as plea bargaining levers. The legislature also sought to prevent the use of civil actions as a discovery device to inquire into prosecutorial information while the criminal charge is pending. *McMartin v. Los Angeles County*, 202 Cal.App.3d 848, 855–56, 249 Cal.Rptr. 53, 55–56 (1988). Although, under the Supremacy Clause, these policies cannot be served by prohibiting a party from bringing a section 1983 claim, they can be served by tolling the statute of limitations in section 1983 claims when there are criminal charges pending against the potential plaintiff. On the other hand, a refusal to toll the period would ignore the state's policies and the interrelationship between the statute of limitations and the tolling provision.

■ *Board of Regents v. Tomanio* makes clear that the state tolling provision must be applied when it is not inconsistent with the Constitution or other federal law. *See Maurer v. Los Angeles County Sheriff's Dept.*, 691 F.2d 434, 436 (9th Cir.1982). We find no inconsistency between the purposes of section 945.3's tolling provision and the policies behind section 1983. To the contrary, tolling the statute when criminal charges are pending against a potential litigant enhances the policies behind section 1983.

Tolling the statutory period while criminal actions are pending gives the party charged more time to file his section 1983 action. Striking down the tolling provision would force a party to defend a criminal action and prosecute a civil action during the same time period. Thus, application of the tolling provision increases a litigant's access to the courts. *Patsy v. Board of Regents*, 457 U.S. 496, 504, 102 S.Ct. 2557, 2561, 73 L.Ed.2d 172 (1982) (in enacting section 1983, Congress intended to "throw open the doors of the United States Courts").

Second, there is no inconsistency between the purposes of section 945.3's tolling provision and the policies of deterrence and compensation embodied in section 1983. Indeed, giving a criminal defendant more time to file his section 1983 action would "ensure that individuals whose federal con-

stitutional or statutory rights are abridged may recover damages...." *Felder*, 108 S.Ct. at 2307.

Third, since federal law requires this court to apply state tolling rules, application of section 945.3's tolling provision ensures consistent adjudication in state and federal courts. *Felder*, 108 S.Ct. at 2308–11.

Finally, and perhaps most importantly, while a state prohibition against filing an action cannot prohibit a criminal defendant from filing a section 1983 action against a peace officer while the criminal case is pending, section 945.3 should not be so applied as to force him to do so or lose his cause of action. The tolling period serves the independent policy objective of encouraging the criminal defendant to await the outcome of the criminal action before instituting a section 1983 action. In some cases the delay may result in the avoidance of unmeritorious actions that might otherwise be costly to all concerned. At the same time, in other cases the delay may help render unnecessary the filing of meritorious actions, if the governmental entity is willing to settle the claim after a full exploration of the facts has occurred in a criminal proceeding.

### III.

Under the Supremacy Clause, the prohibition in paragraph one of section 945.3 could not have prevented Harding from bringing his section 1983 claims against the Deputies while criminal charges were pending against him. However, the tolling provision in section 945.3 does not fall under the Supremacy Clause and, therefore, should be applied to Harding's claims. Because the statute of limitations on Harding's section 1983 claims was tolled while criminal charges were pending against him, his section 1983 claims were timely filed.

REVERSED and REMANDED.