956 F.2d 1169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joyce Ann WILLIAMS, individually and as Guardian ad litem
for minor children, Plaintiff-Appellant,
v.
CITY OF SAN JOSE, a municipal corporation, Defendant-Appellee.
 No. 91-15093.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1992.
Decided March 11, 1992.
 
 Before FLETCHER, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joyce Ann Williams, on her own behalf and on behalf of her minor children, (appellant) brought this civil rights action against the City of San Jose (City) after her husband was slain by a San Jose police officer.[1] The death occurred January 18, 1989, and this action was not filed until March 1, 1990. The district court dismissed on grounds that the action was not filed within the applicable statute of limitations--one year. We affirm.
 
 BACKGROUND
 
 3
 After appellant's husband was killed during the execution of a search warrant at his home, she filed a timely claim against the City pursuant to California Government Code §§ 810 et seq. The City rejected her claim on August 31, 1989, and gave notice of rejection that same date. Appellant then waited until March 1, 1990, to file this action under 42 U.S.C. § 1983 in which she also included various pendent state claims. The City moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim due to the fact that the section 1983 action was brought more than one year after Mr. Williams' death. The district court granted that motion as to the section 1983 action and dismissed the pendent claims without prejudice. This appeal ensued.
 
 JURISDICTION AND STANDARD OF REVIEW
 
 4
 The district court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 5
 We review de novo a dismissal based upon the statute of limitations. Harding v. Galceran, 889 F.2d 906, 907 (9th Cir.1989), cert. denied, --- U.S. ----, 111 S.Ct. 951, 112 L.Ed.2d 1040 (1991).
 
 DISCUSSION
 
 6
 Appellant raises two major arguments. First, she contends that the statute of limitations was tolled under the statutory law of the State of California as it applies to federal civil rights actions. Second, she claims that the statute of limitations was tolled by California's equitable tolling principles. We will discuss each contention in turn.
 
 
 7
 A. California Statutory Law.
 
 
 8
 The parties agree, as they must, that the applicable statute of limitations for section 1983 actions is California's one-year statute. See Usher v. City of Los Angeles, 828 F.2d 556, 558 (9th Cir.1987); Cal.Civ.Proc.Code § 340(3). However, it is well established that when we look to state law to determine the statute of limitations we also look to that law's associated tolling doctrines if they are consistent with federal policies. Board of Regents v. Tomanio, 446 U.S. 478, 485, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980); Harding, 889 F.2d at 907. We must, therefore, turn to a careful consideration of California law.
 
 
 9
 If a person wishes to bring an action under California law[2] against a public entity, the provisions of California's Tort Claims Act must be followed. Cal.Gov't Code §§ 810 et seq. That statute requires that claims for money or damages be presented to public entities. Cal.Gov't Code § 905. It also provides that no suit may be brought "on a cause of action for which a claim is required" until the claim has been presented and acted upon or deemed rejected. Cal.Gov't Code § 945.4.[3]
 
 
 10
 If an action under California law is covered by the Tort Claims Act, the ordinary statutes of limitations are inapplicable, because the Act has its own separate statute of limitations. Under California Government Code § 911.2 the claim must be presented to the agency within six months of accrual. Then the claimant need only comply with the Act's own statute of limitations. The Act allows the commencement of an action within six months after written notice of rejection or within two years of accrual if no notice is given. Cal.Gov't Code § 945.6(a). It also contains its own specific tolling provision for persons in state prison. Cal.Gov't Code § 945.6(b). Therefore, tort claims against public entities in California are not controlled by the general residual tort statute of limitations that is incorporated into federal law for section 1983 purposes. They have their own special statute which may give people a longer or shorter period in which to file their actions against public entities. Here, for example, appellant had a longer period. The one-year statutory provision of California Code of Civil Procedure § 340(3) is simply beside the point when the action is controlled by the Tort Claims Act.
 
 
 11
 However, appellant asserts that the provisions of California Code of Civil Procedure § 356 should be applied to toll the one-year statute of limitations. She points to the following language in that section: "When the commencement of an action is stayed by ... statutory prohibition, the time of the continuance of the ... prohibition is not part of the time limited for the commencement of the action." She then argues that since the Tort Claims Act precludes the filing of an action until its provisions have been complied with, the one-year statute of limitations found in California Code of Civil Procedure § 340(3) must be tolled accordingly. Despite some surface appeal, this argument makes little sense in the context of California law.
 
 
 12
 The argument's failing can be seen when one asks, What statute of limitations would be tolled by section 356 in the context of a California Tort Claim against a public entity? Appellant would answer, "section 340(3)," but that would be entirely pointless. As we have already indicated, a party's right to bring an action against a public entity in California is in no way dependent upon or limited by section 340(3). That section has nothing to do with claims against public entities, for, as already noted, there is a completely separate statutory scheme that provides the period of limitations for them. Cf. Woods v. Young, 53 Cal.3d 315, 324-25, 807 P.2d 455, 279 Cal.Rptr. 613 (1991) (the hoary provisions of section 356 do not apply to a new, more specific, statutory area).
 
 
 13
 In short, California neither purports to require the filing of a claim against a public entity in a federal civil rights case, nor purports to toll the general statute of limitations for cases in which no claim need be filed. Rather, it simply has a carefully reticulated scheme for dealing with California tort actions against public entities, a scheme which contains its own statute of limitations.
 
 
 14
 This conclusion is not at variance with our decision in Harding, 889 F.2d at 908-09. There we dealt with a statute which expressly precluded the filing of a civil action against police officers during the pendency of related criminal proceedings. Cal.Gov't Code § 945.3. That unique provision not only barred all actions against police officers, whether covered by the Tort Claims Act or not, but also tolled the provisions of the Tort Claims Act itself, with the exception of the requirement that a claim be presented. Since even the provisions of California Code of Civil Procedure § 340(3) were reached by the tolling provision of that statute, it was perfectly appropriate to consider section 340(3) tolled for all purposes. Again, in the case at hand a wholly separate statute of limitations controls California tort claims against public entities, so section 340(3) is not implicated in those at all.
 
 
 15
 B. Equitable Tolling.
 
 
 16
 Appellant also asserts that the doctrine of equitable tolling should be applied because she was pursuing California tort claims through the medium of the Tort Claims Act, and that should toll the statute for purposes of pursuing her civil rights claims which arose out of the same incident.
 
 
 17
 California has undoubtedly incorporated the doctrine of equitable tolling into its jurisprudence. See Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir.1987). However, both the California courts and this court have held that California tort claims and federal civil rights claims are too dissimilar to permit application of the doctrine of equitable tolling. The violation of federal constitutional rights is simply different in kind from the commission of a state tort, even if both arise out of the same operative facts. See Ervin v. County of Los Angeles, 848 F.2d 1018, 1019-20 (9th Cir.1988), cert. denied, 489 U.S. 1014, 109 S.Ct. 1125, 103 L.Ed.2d 187 (1989); Loehr v. Ventura County Community College Dist., 147 Cal.App.3d 1071, 1084-86, 195 Cal.Rptr. 576 (1983). See also Stone v. City and County of San Francisco, 735 F.Supp. 340, 343-45 (N.D.Cal.1990). Cf. London v. Coopers & Lybrand, 644 F.2d 811, 814-15 (9th Cir.1981).
 
 
 18
 Thus, the doctrine of equitable tolling does not save appellant's civil rights action.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The action was also brought against the police officer, Jerry Smith. However, the applicable principles are the same as to him. Therefore, we will hereafter refer only to the City, as the parties have done
 
 
 [2]
 We say under California law because California does not attempt to regulate the filing of federal claims. Williams v. Horvath, 16 Cal.3d 834, 842, 548 P.2d 1125, 1130, 129 Cal.Rptr. 453 (1976). Nor could it. See Felder v. Casey, 487 U.S. 131, 138, 108 S.Ct. 2302, 2306-7, 101 L.Ed.2d 123 (1988); Harding, 889 F.2d at 908
 
 
 [3]
 There are exceptions to this bar but they are not applicable here. Cal.Gov't Code § 946.4 provides for instances where the agency has not made proper filings regarding its identity and Cal.Gov't Code § 946.6 is a relief provision