983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bernice E. ERWIN, Plaintiff-Appellant,
v.
CITY OF ANGELS CAMP, City Council & Planning Commission, et
al., Defendant-Appellee.
 No. 92-15267.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bernice E. Erwin appeals pro se the district court's order granting dismissal of her 42 U.S.C. § 1983 civil rights complaint with prejudice under Fed.R.Civ.P. 12(b)(6). Erwin contends that the district court erred by (1) finding that her action was barred by the applicable statute of limitations and (2) failing to provide adequate notice of the deficiencies in her pleadings and give her an adequate opportunity to amend her complaint. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Statute of Limitations
 
 
 4
 We review de novo a district court's dismissal on statute of limitations grounds. Harding v. Galceran, 889 F.2d 906, 907 (9th Cir.1989), cert. denied, 111 S.Ct. 951 (1991).
 
 
 5
 Section 1983 does not contain its own statute of limitations. McDougal v. County of Imperial, 942 F.2d 668, 672 (9th Cir.1991). Consequently, we apply the statute of limitations for personal injury actions in the state in which the claim arises. Id. The California statute of limitations for a personal injury action is one year. Id.
 
 
 6
 Federal law determines when a cause of action accrues, Compton v. Ide, 723 F.2d 1429, 1432 (9th Cir.1984), and when the applicable limitations period begins to run, Briley v. State of California, 564 F.2d 849, 855 (9th Cir.1977). Under the "last overt act" doctrine, a cause of action runs separately from each overt act that is alleged to have caused damage to the plaintiff. Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). Each cause of action accrues when the plaintiff knows or has reason to know of the injury resulting from each act. Compton, 723 F.2d at 1432.
 
 
 7
 The statute of limitations period is tolled if a plaintiff "has been injured by fraud or concealment and remains in ignorance of it without any fault or want of diligence on ... [her] part." Briley, 564 F.2d at 855. "[T]he statutory time period does not begin to run until discovery of the injury." Id.; accord Gibson, 781 F.2d at 1344-45.
 
 
 8
 Here, on October 6, 1988, the City of Angels Camp Planning Commission (Commission) denied Erwin a permit to subdivide an eleven-acre parcel of land due to heavy traffic on an adjacent road. On May 22, 1991, she filed an action in the district court contesting the Commission's denial of a permit and numerous alleged constitutional violations occurring prior to October 6, 1988. As Erwin filed her action beyond the one-year statute of limitations under California law, it was barred unless the statute of limitations was tolled.
 
 
 9
 Erwin does not contend that she was unaware that the Commission denied her permit in 1988 or prevented her from filing a timely action. Instead, Erwin contends that she delayed filing her complaint because Danny Mao, county planning director, was quoted in the local newspaper as stating, "No one can sue the city or county about land use until June, 1991." Nonetheless, Mao's statement was in reference to an airport land use plan. Moreover, Mao is not a party to this action nor did Erwin show that his statement was made to mislead her.
 
 
 10
 Erwin also argues that, in 1991, she discovered that the Commission had approved other building permits. This discovery caused her to file the instant action. Nevertheless, because Erwin does not contend that she was induced or tricked by the Commission into allowing the filing deadline to pass, the district court properly dismissed her section 1983 claim. See Gibson, 781 F.2d at 1345; Briley, 564 F.2d at 855.[1]
 
 II
 Leave to Amend
 
 11
 We review de novo the district court's dismissal of a pro se complaint under Rule 12(b)(6). McGuckin v. Smith, 974 F.2d 1050, 1054 (9th Cir.1992).
 
 
 12
 Prior to dismissing a pro se complaint for failure to state a claim, the district court must provide the litigant with notice of the deficiencies in her complaint and an opportunity to amend. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.) (dismissal of second amended complaint proper where district court identified the deficiencies in the original complaint), cert. denied, 113 S.Ct. 321 (1992); see also McGuckin, 974 F.2d at 1055 (dismissal of complaint improper where district court failed to notify pro se litigant of the deficiencies in his original complaint); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.1987) (dismissal of complaint improper where district court allowed the defendant to twice amend his complaint but without identifying the deficiencies in his previous pleadings).
 
 
 13
 Here, the district court allowed Erwin an opportunity to amend her complaint. The court noted all the deficiencies in the original complaint and gave her detailed instructions for filing a properly amended complaint. Although Erwin failed to amend her complaint in a timely fashion, the district court vacated its prior dismissal order and allowed her to file the untimely amended complaint.
 
 
 14
 In light of the record, the district court did not err by dismissing Erwin's amended complaint with prejudice for failure to state a claim. See Ferdik, 963 F.2d at 1263; cf. McGuckin, 974 F.2d at 1055; Noll, 809 F.2d at 1449.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Erwin also contends that: (1) the Commission deprived her of natural, God-given rights to own, buy, improve, build on or sell a certain five plus acre of land; (2) the Commission unlawfully destroyed the value of the land under the color of state authority; (3) the Commission unlawfully invalidated her deed and filed a violation of Subdivision Ordinance against her; (5) she was threatened with arrest if she tried to improve her land in any manner; (6) the Commission's actions violated the First, Fifth, Ninth and Fourteenth Amendments. Because the district court granted summary judgment on statute of limitations grounds and did not consider these claims, we do not consider them on appeal