50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glenn J. McCURDY, Plaintiff-Appellant,
v.
Mary S. SANDOVAL, Al Lutzi, Francis J. Bardsley, Darrell
Vandeveld, Gary L. Edwards, and Michael S. Berg,
Defendants-Appellees.
 No. 94-55820.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 9, 1995.
As Amended April 13, 1995.
 
 Before: SNEED, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Glenn J. McCurdy, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action against police officers and former defense counsel, alleging violations of his constitutional rights in connection with his October 17, 1990 conviction for residential burglary.[1] The district court ruled that McCurdy's action was barred by the statute of limitations. We have jurisdiction under 28 U.S.C. Sec. 1291. We reverse and remand.
 
 
 3
 * Statute of Limitations
 
 
 4
 McCurdy contends that his action was tolled by Cal.Gov't Code Sec. 945.3, and thus was timely filed.[2] This contention lacks merit. However, we find that McCurdy's action was tolled under Cal.Civ.Proc.Code Sec. 352(a)(3).
 
 
 5
 We review de novo a district court's dismissal of an action on statute of limitations grounds. Harding v. Galceran, 889 F.2d 906, 907 (9th Cir.1989), cert. denied, 498 U.S. 1082 (1991). "When a motion to dismiss is based on the running of a statute of limitation period, dismissal can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.1991) (citation and quotation omitted).
 
 
 6
 The applicable statute of limitations for section 1983 and 1985 claims is the limitations period for personal injury causes of action under California state law. See Taylor v. University of California, 993 F.2d 710, 711 (9th Cir.1993) (citing Wilson v. Garcia, 471 U.S. 261, 279-80 (1985)), cert. denied, 114 S.Ct. 890 (1994). Under California's applicable statute of limitations, a party has one year from the date he knew or should have known of the facts supporting a cause of action within which to commence his section 1983 or section 1985 claim. See Cal.Code Civ.Proc. Sec. 340(3); Taylor, 993 F.2d at 711. An action is deemed to be commenced when the complaint is filed. Fed.R.Civ.P. 3.
 
 
 7
 Federal law determines when a cause of action accrues. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir.1991) (citing Norco Constr., Inc. v. King County, 801 F.2d 1143, 1145 (9th Cir.1986)), cert. denied, 112 S.Ct. 1161 (1992). "A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. (citation and quotation omitted).
 
 
 8
 McCurdy filed his complaint on October 15, 1993. In his complaint, McCurdy alleged that police officers conducted an unreasonable search and seizure by extracting a blood sample in 1990 without his informed consent. The district court properly found that McCurdy was aware of the conduct challenged in his section 1983 complaint by June 21, 1991. Because McCurdy filed his section 1983 action more than one year after he knew of the alleged injurious conduct which is the basis of his action, his action would be barred by the statute of limitations, absent tolling of the statute. See id.; Taylor, 993 F.2d at 711.
 
 
 9
 State law determines the application of tolling doctrines. Elliot v. City of Union City, 25 F.3d 800, 802 (9th Cir.1994). In California, the statute of limitations for section 1983 actions is tolled by Cal.Gov't Code Sec. 945.3 while criminal charges are pending. See Harding v. Galceran, 889 F.2d 906, 909 (9th Cir.1989), cert. denied, 498 U.S. 1082 (1990). Under section 945.3, "criminal charges are 'pending' until the date of judgment." McAlpine v. Superior Court, 209 Cal.App.3d 1, 3 (1989). Although the record does not contain the date of McCurdy's conviction for burglary, McCurdy alleged that he was sentenced on November 13, 1990. Because McCurdy waited more than one year following his sentencing date before he filed his complaint, it was not rendered timely by operation of section 945.3.
 
 
 10
 Neither the parties nor the court addressed the application of the tolling provision found in Cal.Civ.Proc.Code Sec. 352(a)(3). It provides that if an individual is imprisoned on a criminal charge at the time the cause of action accrued, "the time of such disability is not part of the time limited for the commencement of the action." Cal.Civ.Proc.Code Sec. 352(a)(3). In examining whether the statute of limitations has been tolled under section 352(a)(3), "continuous custody is the relevant disability." Elliot, 25 F.3d at 803. " '[A]ctual, uninterrupted incarceration is the touchstone' for assessing tolling under Sec. 352(a)(3), which covers all post-arrest custody." Id. (quoting Bianchi v. Bellingham Police Dep't, 909 F.2d 1316, 1318 (9th Cir.1990)).
 
 
 11
 The record reflects that McCurdy was incarcerated at the time he became aware of the conduct which formed the basis of his complaint. The record, however, does not clearly reveal whether McCurdy was released from custody at any time following the vacation of his burglary conviction in a state habeas proceeding on January 29, 1992. Nor does the record reflect the date when McCurdy began to serve his sentence for his conviction following a guilty plea to the same burglary charge which was the basis for the previously vacated conviction. Therefore, we are unable to tell on the record before us whether McCurdy's action was timely filed under the operation of section 352(a)(3)'s tolling provision. See Elliot, 25 F.2d at 803. Accordingly, we remand for determination of whether McCurdy's action was timely filed in light of section 352(a)(3).
 
 II
 Amendment of Complaint
 
 12
 McCurdy contends that the district court erred by failing to grant him leave to amend his complaint before dismissing the action. This contention has merit.
 
 
 13
 "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (citation and quotation omitted). Because it was not absolutely clear that McCurdy's action was time-barred, the district court erred by failing to grant McCurdy leave to amend his complaint. See id. at 1449.
 
 
 14
 The court also erred by failing to provide McCurdy with notice of the deficiencies in his complaint. See id. In addition to raising the statute of limitations, defense counsel defendants moved to dismiss McCurdy's complaint on the ground that it failed to state a claim against them because they were not acting under color of law in their capacity as defense counsel, and therefore cannot be held liable under section 1983. See Polk County v. Dobson, 454 U.S. 312, 325 (1981). The district court was obligated to point out to McCurdy the deficiency of his complaint in this regard. See Noll, 809 F.2d at 1449.
 
 
 15
 In addition, we note that the district court erred by not granting McCurdy's motion to amend his complaint in order to correct the omission of his signature. Rule 11 provides that "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the party." Fed.R.Civ.P. 11(a). McCurdy promptly attempted to comply with Rule 11 by moving to amend his complaint to include his signature. Because it was clear that McCurdy was the sole plaintiff and there was no prejudice to defendants, the district court should have granted McCurdy's motion to amend his complaint to include his signature. See Price v. United States Navy, 39 F.3d 1011, 1015 (9th Cir.1994) (excusing pro se appellant's initial failure to sign notice of appeal).
 
 
 16
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because McCurdy's October 17, 1990 burglary conviction was vacated before he filed his section 1983 action, see In re McCurdy, No. DO14915 (Cal.Ct.App. filed Jan. 29, 1992) (granting McCurdy's habeas petition), he is not barred from challenging defendants' conduct which supported his October 17, 1990 conviction. See Heck v. Humphry, 114 S.Ct. 2364, 2372 (1994)
 
 
 [2]
 McCurdy also contends that "California Assembly Bill No. 298 tolled the statute of limitations." This bill, as amended, was enacted into law as Cal.Civ.Proc.Code Sec. 340.6. See Bledstein v. Superior Court, 208 Cal.Rptr. 428, 435-437 (Cal.Ct.App.1985). Section 340.6, which sets forth the statute of limitations for legal malpractice actions, see Laird v. Blacker, 828 P.2d 691, 692 (Cal.) (en banc), cert. denied, 113 S.Ct. 658 (1992), however, is innapplicable to McCurdy's section 1983 action, which is governed by California's statute of limitations for personal injury causes of action. See Taylor v. University of California, 993 F.2d 710, 711 (9th Cir.1993), cert. denied, 114 S.Ct 890 (1994)