95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jim Ronald HOWLAND, Plaintiff-Appellant,
v.
Sgt. WALLINGFORD; Tana Wood; Carol Noonan; Custody Unit
Supervisor Snively; Defendants-Appellees.
 No. 95-35666.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jim Ronald Howland, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of defendant Wallingford, finding his 42 U.S.C. § 1983 action time-barred. Howland also appeals the district court's dismissal for failure to state a claim of defendants Wood, Noonan, and Snively. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 Howland contends that Wash.Rev.Code § 4.16.080(2)[1] violates his equal protection and due process rights. This contention lacks merit.
 
 
 4
 The limitations period for section 1983 claims is determined by the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 279-80 (1985). Washington Revised Code § 4.16.080(2) sets the statute of limitations for personal injury actions at three years. Although there is a tolling provision for this statute of limitations at Wash.Rev.Code § 4.16.190, Howland is not eligible for it because he is serving a life sentence. After a de novo review, see Harding v. Galceran, 889 F.2d 906, 907 (9th Cir.1989), cert. denied, 498 U.S. 1082 (1991), we conclude that the district court did not err by finding that Howland's allegations concerning excessive noise in unit seven of the prison were barred by Washington's statute of limitations because Howland filed his complaint more than three years after the alleged civil rights violation, see Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir.1991), cert. denied, 502 U.S. 1091 (1992).
 
 
 5
 Howland also contends that the district court erred by dismissing defendants Wood, Noonan, and Snively because they should have been found liable under the doctrine of respondeat superior. This contention lacks merit.
 
 
 6
 After a de novo review, see Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), we conclude that the district court did not err by finding that Wood could not be held liable in Howland's section 1983 action under a respondeat superior theory. Howland failed to show that Wood had any personal involvement in or causal connection to any alleged constitutional violation. See Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). The district court, however, did not consider the doctrine of respondeat superior when dismissing Noonan and Snively.
 
 
 7
 To the extent that Howland appeals the dismissal of defendants Noonan and Snively, we conclude that the district court did not err by dismissing Noonan because Howland's allegations were insufficient to show that Noonan was deliberately indifferent to Howland's complaint about excessive noise. See Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994). Finally, the district court also did not err by dismissing Howland's claims against Noonan and Snively alleging the unconstitutionality of prison policies concerning the counting of prisoners at midnight and the distribution of towels. See Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Howland's appeal brief cites Wash.Rev.Code § 4.16.090, which concerns actions to cancel tax deeds. We construe Howland's contention to refer to either Wash.Rev.Code § 4.16.080(2) or Wash.Rev.Code § 4.16.190
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal