107 F.3d 1
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jonathan BALL, Plaintiff--Appellant,
v.
Roger CARROLL and Charles F. Henderson, Defendants--Appellees.
 No. 96-1980.
 United States Court of Appeals, First Circuit.
 Feb. 19, 1997.
 
 John A. Bosk on brief for appellant.
 Christine E. McGinn with whom Brian Rogan and Law Offices of Timothy M. Burke were on brief for appellee Roger Carroll.
 Edward M. Pikula with whom Cohen, Rosenthal, P.C. was on brief for appellee Charles F. Henderson.
 Before BOUDIN, Circuit Judge, BOWNES, Senior Circuit Judge, and STAHL, Circuit Judge.
 PER CURIAM.
 
 
 1
 This appeal raises the specter of affirming the dismissal of a potentially viable claim for the violation of federally protected rights under 42 U.S.C. § 1983. Having analyzed the district court's memorandum accompanying its order of dismissal, we agree that the statute of limitations has run. Accordingly, plaintiff-appellant Jonathan Ball has no basis for relief and we affirm.[1]
 
 
 2
 We briefly state the relevant facts. On December 3, 1992, defendant-appellee Roger Carroll, a Massachusetts state trooper, pulled Ball over for speeding on Interstate 93 in Massachusetts. According to Ball and the report from a subsequent investigation by the Massachusetts Attorney General, Carroll next ordered Ball out of his car and then, when Ball did not respond quickly enough, dragged him out of the vehicle and allowed his head to hit the pavement. Carroll then struck Ball in the face and kneed him in the back for no apparent reason. Adding insult to injury, Carroll arrested Ball and charged him with (1) assault and battery on a police officer, (2) refusing to obey a police officer, (3) driving without a license, and (4) speeding. All counts were subsequently nol prosed by the state prosecutor.
 
 
 3
 We look to state law for the statute of limitations applicable to § 1983 actions. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (indicating that state personal injury statute of limitations governs § 1983 actions). Massachusetts imposes a three-year statute of limitations for personal injury claims, see Mass. Gen. Laws ch. 260 § 2A, and thus Ball had three years from the date of the incident to file suit. Ball filed his complaint on December 29, 1995. The district court, noting that Ball filed his complaint 26 days too late, granted Carroll's motion to dismiss.
 
 
 4
 On appeal, Ball primarily reasserts arguments that failed in the district court. We affirm for essentially the same reasons set forth in that court's memorandum of August 8, 1996, adding only a brief response to Ball's request that we consider an equitable tolling of the statute of limitations.
 
 
 5
 Ball contends that the district court should have tolled the statute of limitations during the pendency of the original criminal charges against him. He argues that his tardiness in no way prejudices Carroll and the other defendants, and that the egregious facts, largely supported by the investigatory report of the Massachusetts Attorney General, warrant such a tolling.
 
 
 6
 For this argument, Ball relies on the Ninth Circuit's decision in Harding v. Galceran, 889 F.2d 906 (9th Cir.1989). Harding involved an altercation between an individual, Harding, and sheriff's deputies in Los Angeles, California. See id. at 907. Following the altercation, the deputies filed criminal charges against Harding. A jury acquitted him of the charges. Subsequently, and more than one year after the incident and after the pertinent limitations period had expired, Harding commenced a § 1983 action against the deputies involved. The district court dismissed Harding's complaint as time barred. See id.
 
 
 7
 On appeal, the Ninth Circuit reinstated Harding's action. The court noted that by statute, California prevented plaintiffs from filing civil actions against police officers during the pendency of criminal charges. See id. at 907 n. 2. The court found this provision inconsistent with the purposes of § 1983. It announced that henceforth the statute would be interpreted either not to prevent § 1983 actions from being filed while criminal charges were pending, or to toll the California statute of limitations until the final disposition of the criminal charges. See id. at 908. The Ninth Circuit then concluded that Harding's action was timely because his claim was filed within one year of the disposition of the criminal charges against him. See id.
 
 
 8
 We decline to accede to Ball's request that we adopt the Ninth Circuit rule. First, unlike the one-year limit in California, Massachusetts allows plaintiffs a more generous three years within which to file a § 1983 action. See Mass. Gen. Laws ch. 260 § 2A. Second, Massachusetts has not enacted a statute prohibiting plaintiffs from filing actions against police officers during the pendency of criminal charges against those plaintiffs. Ball thus was free to present his claim any time after the incident, see Mass. Gen. Laws ch. 258 § 4 (requiring presentation of claims to executive officer of agency prior to filing suit), and to commence this action six months later. See id. (indicating that if executive officer of agency takes no action on claim within six months, claimant may file suit). Third, neither the year-long criminal action nor the six-month presentment period explains Ball's failure to timely file this suit. Ball presented his claim on November 30, 1994. By statute the presentment period expired by May 30, 1995. The three-year statute of limitations did not run until December 3, 1995. Despite Ball's delay in presenting his claim, he still had over six months after his claim was effectively denied to commence suit.
 
 
 9
 Although we are not unmindful of the injuries Carroll gratuitously inflicted on Ball, we conclude that the statute of limitations has expired and we find no basis to grant him a judicial exception to the operation of Massachusetts law.
 
 
 10
 Affirmed. See 1st Cir. R. 27.1. No costs.
 
 
 
 [1]
 We voted to consider this appeal as submitted and to dispense with oral argument. The shortness of time between our decision and oral argument, however, prevented us from formally removing the case from the February docket. Ball's counsel's scheduling conflict had nothing to do with our decision that oral argument would not be helpful in resolving this appeal