**Pete HARNED, Plaintiff,**

v.

**John LANDAHL, Defendants.**

**No. CIV S–00–15 LKK JFM.**

United States District Court, E.D. California.

March 17, 2000.

Mark E. Merin, Dickstein and Merin, Sacramento, CA, for Plaintiff.

Franklin Gumpert, Barkett, Gumpert and Reiner, Sacramento, CA, for Defendant.

KARLTON, District Judge.

This matter is before the court on defendant's motion to dismiss. The standards for such motions are well-known and need not be repeated here. *See Johnson v. City of Chico,* 725 F.Supp. 1097, 1098 (E.D.Cal. 1989).

### I.

### PLAINTIFF'S CAUSE OF ACTION

Plaintiff brings suit under 42 U.S.C. § 1983 against John Landahl, a Folsom City Police Officer. Plaintiff alleges that Landahl submitted an affidavit which contained materially false representations to a state judge in support of a search warrant. In reliance on that affidavit a warrant issued authorizing the search of plaintiff's home, vehicle, computer and private papers. The warrant was executed on July 19, 1996. Based on the items seized pursuant to the warrant, the State filed a felony complaint against plaintiff on August 16, 1996. Thereafter, on May 8, 1997, the United States Attorney filed a federal indictment and the state charges were dismissed in favor of the federal suit. The federal criminal case was assigned to the Honorable Frank C. Damrell, Jr. of this court.

After a hearing, Judge Damrell determined that the affidavit contained false statements made either intentionally or in reckless disregard of the truth. Upon excising the offending matter, the court determined that the affidavit failed to demonstrate probable cause, and accordingly, suppressed all evidence seized pursuant to the warrant. *See Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

The government appealed the order of suppression, *see* 18 U.S.C. § 3731, and the U.S. Court of Appeals for the Ninth Circuit affirmed the ruling. After remand, the United States conceded that, absent the suppressed evidence, conviction was not possible. Accordingly, on September 1, 1999, Judge Damrell dismissed the indictment against plaintiff.

On January 3, 2000, plaintiff filed this action. Defendant now moves to dismiss plaintiff's suit on the ground that it is barred by the statute of limitations.

### II.

### ANALYSIS

■ Because 42 U.S.C. § 1983 contains no statute of limitation, federal common law practice teaches that federal courts adopt the forum state statute of limitations for causes of action "most analogous" to § 1983. *Wilson v. Garcia,* 471 U.S. 261, 268–75, 105 S.Ct. 1938, 85 L.Ed.2d 254(1985).[1] For this purpose, the appropriate "most analogous action" is said to be those for personal injury. *Id.* at 276, 105 S.Ct. 1938. In California, the statute of limitations for personal injury actions is one year. Cal.Civ.Proc.Code § 340(3); *Elliott v. City of Union City,* 25 F.3d 800, 802 (9th Cir.1994).

■ In determining whether a statute of limitations has run, federal law deter-

---

**1.** The Court noted that "[t]he Reconstruction Civil Rights Acts do not contain a specific statute of limitations governing section 1983 actions—'a void which is common in federal statutory law.'" *Wilson,* 471 U.S. at 266, 105 S.Ct. 1938 (quoting *Board of Regents v. Tomanio,* 446 U.S. 478, 483, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)). Plaintiff does not claim that the catchall statute of limitations effective December 1, 1990 applies to the matter-at-bar. That reticence is well-taken. The stat-

ute promulgates that: "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658. While it is true that § 1983 was amended in 1996 to limit the circumstances under which certain forms of injunctive relief could issue, plaintiff's action does not arise under the amendment but rather under the original statute.

mines the date a cause of action accrues, *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999). As a general rule, however, state law governs the application of tolling doctrines. *Hardin v. Straub*, 490 U.S. 536, 543–44, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989).

 Defendant contends that plaintiff's suit is time-barred because more than one year passed between the date of the search, July 19, 1996, and the date he filed this lawsuit, January 3, 2000. Even if, as defendant contends, plaintiff's suit accrued on the date of the search,[2] California tolling doctrine compels the court to deny defendant's motion to dismiss.

 Under California law, the statute of limitations governing a civil action for damages against a peace officer is tolled while criminal proceedings are pending when the complaint is based upon conduct relating to that criminal prosecution. Cal. Gov't Code § 945.3[3] "[C]riminal charges are 'pending' until the date of judgment." *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir.1997)(quoting *McAlpine v. Superior Court*, 209 Cal.App.3d 1, 3, 257 Cal. Rptr. 32 (1989)).

 In the matter-at-bar, criminal charges arising from the search were pending against plaintiff in state court from August 16, 1996 until May 8, 1997. From May 8, 1997 until September 1, 1999, criminal charges arising from the search were pending against plaintiff in the district court. Thus, between July 19, 1996 and January 3, 2000, all but one-hundred and fifty-one days were subject to tolling under Cal. Gov't Code § 945.3. It is established that the § 945.3 tolling provisions apply to suits brought pursuant to § 1983. *Harding v. Galceran*, 889 F.2d 906 (9th Cir.1989). Accordingly, plaintiff's suit is timely.

Defendant nonetheless argues that plaintiff's suit is time-barred. He contends that because § 945.3 addresses charges pending before "municipal and superior courts," the tolling provisions do not apply while criminal proceedings are pending in federal court. I cannot agree.

 I begin by noting that the application of state tolling provisions to federal causes of action is a byproduct of the federal common law adoption of state statutes of limitation as the rule of decision as to federal causes of action without a con-

**2.** It is true that ordinarily a federal cause of action accrues when plaintiff knows of the injury and its cause, and thus it has been held that a cause of action predicated on an unconstitutional search accrues on the date of the search. *See Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir.1983). The continued viability of this holding after *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), is problematic; given the determination in the text, however, this court need not resolve that question. Nonetheless, I note that under *Heck*, in order to recover damages under § 1983 for an allegedly unconstitutional search the unlawfulness of which would render a conviction invalid, a plaintiff must prove that the conviction has been invalidated, either at the trial or appellate level. *Id.* at 486–87, 114 S.Ct. 2364; *see also Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir.1995). Thus, where, as here, the evidence produced by the search is the exclusive basis for prosecution, the § 1983 suit does not lie until it can be determined whether the plaintiff has been lawfully convicted, i.e. until disposition of the underly-

ing criminal case. It thus would appear that accrual must be delayed until final disposition of the criminal proceeding. *Cf. Calero–Colon v. Betancourt–Lebron*, 68 F.3d 1 (1st Cir. 1995); *Brooks v. City of Winston–Salem*, 85 F.3d 178 (4th Cir.1996).

**3.** The text of the statute provides in pertinent part:

No person charged [with] a criminal offense may bring a civil action ... against a peace officer ... based upon conduct of the peace officer relating to the offense for which the accused is charged ...while the charges against the accused are pending before a municipal or superior court.

Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a municipal or superior court.

For the purposes of this section, charges pending before a municipal or superior court do not include appeals....
Cal. Gov't Code § 945.3.

gressionally provided limitations period. The Supreme Court, rather than concluding that Congress deliberately chose not to provide any limitation, perceived that the intent was to leave the matter to federal common law. The Court concluded that the interests in repose served by statutes of limitation would be satisfied by incorporating as the rule of federal decision the forum state's limitations period. *Hardin,* 490 U.S. at 536, 109 S.Ct. 1998. But as the High Court has explained:

> Although any statute of limitations is necessarily arbitrary, the length of the period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones. In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival and questions of application.

*Board of Regents v. Tomanio,* 446 U.S. 478 485–86, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)(quoting *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 463–64, 95 S.Ct. 1716, 44 L.Ed.2d 295, (1975)). In sum, unless the tolling provision is inconsistent with the purposes of the federal statute "it must be applied." *Harding,* 889 F.2d at 909.

As the Ninth Circuit has explained "the one-year limitation period applied to section 1983 claims in California is interrelated to the policies behind the tolling provision expressed in section 945.3." *Id.* at 908. The *Harding* Court noted that the tolling provisions "eliminate the use of civil damage complaints as plea bargaining levers," *id.,* the use of "civil actions as a discovery device to inquire into prosecutorial information while the criminal charge [is] pending," *id.* at 909, and finally, "encourag[e] the criminal defendant to await the outcome of the criminal action ... result[ing] in the avoidance of unmeritorious actions ..." *Id.* The court, concluding that each of these policies "enhances the policies behind section 1983," *id.,* and is "interrelat-

ed" to the one year statute of limitations, *id.* at 908, held that the tolling provisions "should be applied." *Id.* at 909. Each of the reasons noted by the *Harding* Court applies, whether the criminal action is pending in state or federal court, and the interrelationship between the one year statute and the tolling provision is the same whichever forum entertains the criminal case.

The happenstance that the statute refers in terms to state courts is of no moment. Indeed, under defendant's theory, a state's tolling provisions would never apply, because by virtue of our federal system, state law applies only to state causes of action. Just as all state limitations innately apply only to state causes of action, so too, as a matter of state law, all tolling provisions apply only to state limitations. The application of state statutes of limitation and the concomitant tolling provisions to federal claims are the result of federal common law which, by virtue of the Supremacy Clause, determines the applicability of a tolling provision. Put differently, federal common law determines whether a state tolling provision supplies the federal rule of decision, and that would be true even if the state intentionally sought to prevent its application to federal claims. *See, e.g., Hinderlider v. La Plata R. & Cherry Creek Ditch. Co.,* 304 U.S. 92, 110, 58 S.Ct. 803, 82 L.Ed. 1202 (1938)(state statute not determinative of question of federal common law). In sum, the provision of the state statute defining where the criminal proceedings are pending simply has no bearing on whether the tolling provision applies.

For all the foregoing reasons, defendant's motion to dismiss is hereby DENIED.

IT IS SO ORDERED.