Reginald LATHAN; et al., Plaintiffs—Appellants,

v.

Perry VERMILLION, Defendant—Appellee.

No. 03–55291.

D.C. No. CV–99–00707–FMC.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2004.*

Decided Nov. 24, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**164**

Thomas E. Beck, Esq., Thomas E. Beck & Associates, Los Angeles, CA, for Plaintiffs–Appellants.

Cindy S. Lee, Franscell, Strickland, Roberts & Lawrence, Glendale, CA, for Defendant–Appellee.

Before FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Reginald and Nancy Lathan, the husband and wife owners of several environmental businesses, including Chemtrans, a liquid bulk materials transportation company, appeal the district court's grant of summary judgment for Perry Vermillion, a fire captain employed by the County of Los Angeles, in the city of Gardena. On appeal, the Lathans contend that the district court erred when it held that their civil rights suit under 42 U.S.C. § 1983 and other federal statutes was barred by the applicable one-year statute of limitations. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

This court reviews a grant of summary judgment on a statute of limitations ground in a § 1983 case de novo. *Plumeau v. School District #40 County of Yamhill,* 130 F.3d 432, 435 (9th Cir.1997); *Harding v. Galceran,* 889 F.2d 906, 907 (9th Cir.1989).

Vermillion came to the Lathans' place of business on July 29, 1996, and June 5, 1997, with a fire crew to investigate complaints of noxious odors. The Lathans allege that thereafter they were subjected to repeated and continuous visits, inspections, and raids by the Los Angeles County Fire Department, including an August 14, 1997, raid, which involved 30 state and federal agencies. During the raid, the plaintiffs were presented with a search warrant based on an August 9, 1997, affidavit by Ms. Ann Ialli, a Hazardous Substances Scientist for the Department of Toxic Substances Control.

On July 24, 1997, Vermillion filed a personal injury action against the Lathans, alleging that he was injured during his inspection of the Lathans' facilities on July 29, 1996. In January 1998, the Lathans were able to examine the affidavit forming the basis of the August 9, 1997, search warrant, which purportedly gave notice to them that Vermillion had allegedly made accusations against them giving rise to

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The appellee's motion to strike various portions of the appellants' briefs and excerpts of records is denied.

their scrutiny by government agencies. Although the Lathans contend that the personal injury suit was fraudulent, the suit was settled.

On January 22, 1999, the Lathans sued Vermillion and other John Does for violation of their 1st, 4th, and 14th amendment rights. They allege that they were subjected to unreasonable searches and seizures as a result of Vermillion's allegations against them. Vermillion moved for summary judgment under Fed.R.Civ.P. 56 alleging, among other things, that the Lathans' causes of actions were time-barred. The district court agreed and granted summary judgment.

On appeal, the Lathans contend that the district court erred by not tolling the statute of limitations because they could not have discovered Vermillion's identity as a potential wrongdoer sooner than January 1998, when they read Ms. Ialli's affidavit, which contained references to Vermillion.

In § 1983 cases, we borrow the forum state's statute of limitations and tolling rules unless they are inconsistent with the federal policy underlying the cause of action under consideration. *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999). We found no California authority holding that an applicable statute of limitations is tolled unless both the cause of action and the identity of a wrongdoer have been discovered. Even assuming, however, that California law would toll the statute of limitations if the identity of a potential defendant is unknown, California law requires that a plaintiff do more than wait for a wrongdoer's identity to emerge. The doctrine of delayed discovery requires that a plaintiff plead facts showing that he was not at fault for failing to discover the underlying cause of action or "had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Prudential*

*Home Mortgage Company v. The Superior Court of Orange County,* 66 Cal.App.4th 1236, 1247, 78 Cal.Rptr.2d 566 (1998) (internal quotations omitted).

The Lathans were on inquiry notice of Vermillion's identity over a year before they filed suit in January, 1999. During one of the 1996 inspections, Vermillion personally accused Mr. Lathan of spilling toxic chemicals and told Lathan that "I reported what I saw." Vermillion also filed a personal injury action alleging toxic injury against the Lathans in July of 1997. The Lathans were also aware of the identities of the various state and federal agencies involved in the investigations and did not allege that they made any effort to discover the source of the allegations against them by inquiring to these agencies.

Accordingly, the district court's grant of summary judgment on the statute of limitations ground is AFFIRMED.